IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTORIA E. DURR, | * | |
| *Plaintiff*, | * | |
| vs. | * | Civ. Action No.: 12-cv-579 |
| ANTHONY REGINALD DIDONATO, a/k/a | * | |
| TONY DIDONATO | * | |
| d/b/a RAPID RECOVERY CREDIT & COLLECTIONS | * | |
| and | * | |
| DOES 1-10, | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes Victoria E. Durr, ("Plaintiff"), by and through her attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendants, Anthony Reginald Didonato, and Does 1-10, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann.,

1

Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2. This action arises out of Defendants' illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

3. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692*k*(d) and 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant Anthony Reginald Didonato transacts business in this District and a substantial portion of the acts giving rise to the claim occurred within this District. Additionally, Plaintiff resides in Anne Arundel County and within the District of Maryland.

## PARTIES

6. Plaintiff is an individual who resides in Anne Arundel County, Maryland.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay a consumer debt and is a "person" as that term is defined by the MCDCA and the

MCPA.

8. Defendant, Anthony Reginald Didonato ("Didonato") is a resident of the Commonwealth of Virginia and is also known as Tony Didonato. Anthony Reginald Didonato does business as Rapid Recovery Credit & Collections. At all times relevant to this this dispute, Anthony Reginald Didonato engaged in the business of collecting debts in the State of Maryland but was not authorized to do business in Maryland. The principal purpose of Didonato's business is the collection of debts. Didonato regularly attempts to collect debts alleged to be due another, and uses the United States Mail in furtherance of his collection of debts alleged to be due another. Didonato has previously held a collection agency license in Maryland, but has not held a valid Maryland collection agency license since 2005.

9. Defendants Does 1-10, are individuals whose identities are not known to the Plaintiff at this time, but which will become known upon proper discovery.

10. At all relevant times, Didonato and Does 1-10 acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6) of the FDCPA. Didonato held himself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

11. At all relevant times, Didonato and Does 1-10 acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

12. At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

13. The Plaintiff allegedly incurred and later allegedly defaulted on a debt to Oriental Sports Academy - Manassas, Inc. ("OSAMI"). Said alleged debt will hereinafter be referred to as "the subject debt."

14. On April 13, 2011, Plaintiff enrolled her son in Tae Kwan Do classes with OSAMI and OSAMI agreed to teach her son Tae Kwon Do.

OSAMI subsequently breached its obligations under the agreement by failing to provide adequate instruction. The tuition for two years of classes was $3,360.

15.     The Plaintiff signed a Student Enrollment Agreement that included a provision that if the contract was breached by the Plaintiff, interest, court costs and a reasonable attorneys fees would only be owed if OSAMI sought legal redress.

16.     Plaintiff paid $840 in tuition before terminating the agreement based upon OSAMI's breach of its obligations.

17.     The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as it allegedly arose out of a transaction in which, money, service or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

18.     The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

19.     OSAMI retained Didonato to attempt to collect the unpaid tuition.

20.     Didonato attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

### B.    The Debt Verification Notice

21.    The FDCPA was enacted "to eliminate abusive debt collection practices" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a), (e). Congress included the debt verification provisions in order to guarantee that consumers would receive adequate notice of their legal rights. S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1699, 1702.

22.    Congress considered the debt verification procedures of 15 U.S.C. § 1692*g* to be a "significant feature" of the FDCPA. The provision specifies the contents of the written debt verification notice collectors are required to send consumers.

23.    The statute is not satisfied merely by inclusion of the required debt verification notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed, even by the least sophisticated debtor. The notice must be provided in a manner that effectively communicates its contents to the least sophisticated of consumers.

24.    To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial

communication from the collection agency.

25.   The initial communication with the Plaintiff in connection with the collection of the alleged debt occurred on November 28, 2011, Didonato sent Plaintiff a letter that provided a verification notice but also knowingly misstated the amount of the debt owed as being $4,292.50. **Exhibit 1**.

26.   In bold faced type, the letter stated an "Amount Due Now." The first paragraph of the letter stated "the above amount due includes a collection fee which must also be paid." The paragraph concludes with the following language: "If there is a legitimated misunderstanding concerning this debt, please contact us to discuss it." The letter also demands "PAY TODAY!" *Id*. The cumulative effect of this language is to create a strong impression of urgency.

27.   The verification notice required by the FDCPA appears at the bottom of the page, in the smallest type to appear on the form. *Id.*

28.   The November 28, 2011, letter did not effectively convey the verification notice to the consumer and thereby violated the FDCPA because the message conveyed by the main part of the letter contradicted the information contained in the verification notice appearing at the bottom of the letter. The emphasis on immediate action in the main portion of the letter stands in contraction to the FDCPA, which provides consumers

a thirty day period to decide to request verification. A consumer who received Rapid Recovery's form letter could easily be confused between the commands to "PAY TODAY!" the "Amount Due Now" and the thirty day response time contemplated by the statute. *Id.*

29. Language in communications sent after the verification notice may not contradict or overshadow the verification notice.

### C.     Second and Third Letters

30. On December 12, 2011, within the thirty-day verification period, Didonato sent a second letter that contradicted and overshadowed the verification notice included in the November 28, 2011, letter. The letter stated the "Balance Due" was "$4,292.50 'ADD ON LEGAL FEES'". **Exhibit 2**. The letter also stated in bold faced type that it was the "FINAL DEMAND." The main paragraph stated:

> Since validity of this long overdue account has not been disputed, it is now assumed to be valid. Timely payment must be made to avoid having us recommend that this claim be turned over for legal action and further costs incurred by you. UNLESS PAYMENT IS MADE, REPOSSESSION PROCEDURES WILL TAKE EFFECT.

*Id.*

31. On December 16, 2011, within the thirty-day verification period, Didonato sent a third letter that contained the same language used in the December 12, 2011, letter. **Exhibit 3**.

32. This language used in the December 12th and December 16th letters flatly contradict 15 U.S.C. § 1692*g*(a), which does not allow the debt collector to assume the validity of a debt until 30 days have passed after receipt of the verification notice. 15 U.S.C. § 1692*g*(a)(3). The language also contradicts Didonato's own November 28, 2011, debt verification notice.

33. The December 12th and December 16th letters do not refer back to the verification notice and the least sophisticated consumer would be confused or threatened into ignoring his or her rights to dispute the debt and receive documentation.

### D.   False or Misleading Representations

34. A debt collector may not misstate, deceive, or confuse the consumer about the amount of the debt owed. Debt collectors are strictly liable under 15 U.S.C. § 1692*e*(2)(A) for falsely stating the amount of the debt without regard to their knowledge of the mistake and what they were told by the creditor.

35. In each written communication sent to the Plaintiff, Didonato falsely stated that the amount of the debt was $4,292.50, when the actual amount owed was $2,520.00. The letters also falsely state that "the above amount due includes a collection fee which must also be paid."

### E. Knowledge of Plaintiff's Maryland Residence

36. On January 15, 2012, Plaintiff sent a letter to Didonato indicating that her current residence was located in Maryland. **Exhibit 4.**

37. On February 7, 2012, Didonato telephoned Plaintiff and left a voice message in which he acknowledged receipt of the January 15th letter. Didonato proceeded to request payment of the alleged debt and to threaten that legal proceedings would be initiated if the alleged debt was not repaid by February 8, 2012.

38. When Didonato made these statements, he did not hold a valid Maryland collection agency license despite having actual knowledge that under Maryland law a person may not knowingly and willfully do business as a collection agency in Maryland unless the person has a Maryland collection agency license.

39. Because Didonato was not licensed, he lacked legal standing to pursue legal action to collect the debt and the threats made on February 7, 2012, that legal action would commence on February 8th, were threats to take an action that could not be legally taken.

40. By attempting to collect the alleged debt despite actual knowledge of the Plaintiff's Maryland residency, Didonato knowingly and willfully engaged in illegal and unlicensed debt collecting activities in

Maryland.

### F.     Actual Damages

41.    As a direct consequence of the Defendants' harassing and abusive debt collection practices, Defendants have caused Plaintiff severe emotional distress and mental anguish, including sleepless nights, a feeling of being bullied and headaches. Plaintiff is afraid to answer her phone for fear that Didonato may be calling from an unlisted telephone number.

## COUNT I
## Violation of the Fair Debt Collection Practices Act
## 15 USC 1692, *et. seq.*

42.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

43.    The alleged debt is a consumer debt.

44.    Didonato is a debt collection agency that regularly collects debts.

45.    In its attempts to collect the aforementioned alleged debt, Didonato violated the FDCPA by including demands for immediate payment of an inflated amount due that overshadowed, or created confusion about, the disclosure of the consumer rights in the verification notice in violation of 15 U.S.C. § 1692*g*.

46. In its attempts to collect the aforementioned alleged debt, Didonato violated the FDCPA by falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692*e*(2)(A).

47. In its attempts to collect the aforementioned alleged debt, Didonato violated the FDCPA by threatening to file a lawsuit against the Plaintiff that could not legally be pursued because Didonato did not hold a Maryland collection agency license in violation of 15 U.S.C. § 1692*e*(5).

48. In its attempts to collect the aforementioned alleged debt, Didonato violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect at debt in violation of 15 U.S.C. § 1692*f*.

49. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress and mental anguish, including stress, sleepless night, a feeling of hopelessness and headaches.

### COUNT II
### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

50. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff incurred a debt which was primarily for personal,

family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple violations the MCDCA, Md. Code Ann., Com. Law. §14-201, *et seq*.

53. As a result of Defendants' violations of the MCDCA, the Plaintiff suffered and continues to suffer from emotional distress and mental anguish, including stress, sleepless nights, a feeling of hopelessness and headaches.

## COUNT III
### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, *et seq*.

54. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

55. The foregoing acts and omissions of Defendants constitute a violation of the MCPA as unfair and deceptive trade practices.

56. As a result of Defendants' violation of the MCPA, Plaintiff has suffered an injury or loss and is entitled to actual damages and attorneys fees pursuant to Md. Code Ann., Com. Law §13-408.

WHEREFORE, Plaintiff, Victoria E. Durr, respectfully prays for a

judgment against Defendants, jointly and severally, as follows:

    a.    Actual damages pursuant to 15 U.S.C. § 1692$k$(a)(1); Md. Code. Ann., Com. Law. §14-203; and Md. Code Ann., Com. Law §13-408 in the amount of $50,000.00;

    b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law §13-408; and

    d.    For such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

           Respectfully Submitted,

        */s/ E. David Hoskins*
        E. David Hoskins, Bar No. 06705
        THE LAW OFFICES OF E. DAVID HOSKINS, LLC
        Quadrangle Building at Cross Keys
        2 Hamill Road, Ste. 362
        Baltimore, Maryland 21210
        (410) 662-6500 (Tel.)
        (410) 662-7800 (Fax)
        [dhoskins@hoskinslaw.com](mailto:dhoskins@hoskinslaw.com)